**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: QMECT, INC.,

    Debtor.

_____/

C 05-02429 PJH

**ORDER DENYING LENDERS' EMERGENCY MOTION TO EXPEDITE BANKRUPTCY APPEAL**

Secured creditors, Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC ("lenders") of debtor Qmect, Inc. filed the instant bankruptcy appeal on June 3, 2005. Currently before the court is lenders' motion to expedite the bankruptcy appeal pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8011(d).

Lenders appeal the bankruptcy court's May 5, 2005 appointment of a limited powers Chapter 11 trustee to oversee debtor Qmect's compliance with environmental regulations with respect to the disposal and storage of its toxic waste. The bankruptcy court appointed the limited powers trustee pursuant to Bankruptcy Code § 1104, which governs the appointment of a trustee in Chapter 11 cases, who then replaces the debtor in possession in operating and managing the estate. The appointment was made following a lengthy five-day evidentiary hearing before the bankruptcy court. At that hearing, lenders and the United States Trustee ("UST") argued in favor of the appointment of a full powers trustee, who would be responsible for managing all of the debtor's affairs, as opposed to the limited powers trustee appointed by the bankruptcy court. Qmect and the Unsecured Creditors Committee opposed the appointment of any trustee.

Lenders have designated the following issues on appeal: (1) Whether the bankruptcy court erred in directing the UST to appoint a trustee with limited (as opposed to full) powers,

based solely on considerations of timing and scheduling and notwithstanding the court's acknowledgment that it "tends to agree" with the UST's position that "the bad judgment shown by the debtor's principal . . . warranted appointment of a full powers trustee"; and (2) whether the bankruptcy court had the authority to appoint a trustee with limited powers pursuant to § 1104(a).  *See* Appellant's Statement of Issues.

Lenders brought this motion for an expedited appeal pursuant to FRBP 8011(d), which allows for emergency motions "to avoid irreparable harm."  In this emergency motion, Lenders essentially request that this court decide the appeal on an expedited basis without the benefit of the transcripts of the evidentiary hearings conducted by the bankruptcy court.  Lenders' argument in favor of expedition is the same as their argument before this court on appeal: that the bankruptcy court erred in appointing a limited powers trustee as opposed to a full powers trustee because leaving Qmect's principals in charge of its non-environmental affairs poses the potential for imminent harm to the bankruptcy estate.  The UST supports expedition based on its confusion regarding compensation to a limited powers trustee.  Debtor Qmect and the Creditors Committee oppose expedition because they contend that the transcripts are necessary for this court's consideration of the appeal.

Given the fact that the bankruptcy court record has already been submitted to this court, that this court has already set a briefing schedule on appeal, and that lenders have not demonstrated any "irreparable harm" beyond that considered and rejected already by the bankruptcy court, this court DENIES lenders' motion to expedite the appeal.  As noted, the only purpose that expediting the appeal would serve at this point would be in forgoing transcripts from the evidentiary proceedings below.  Given the circumstances, this court finds that the transcripts are necessary to fairly resolve this appeal, and that lenders' request is questionable.

FRBP 8006 requires the appellant to provide transcripts when it is necessary to give the appellate court a fair and accurate account of what transpired before the bankruptcy court. *See* 10 Collier on Bankruptcy § 8006.08[2] (15th ed. 2005).  Lenders argue that the transcripts

1  are unnecessary because the issue(s) are pure issues of law, and note that they have not
2  contested any of the bankruptcy court's evidentiary rulings.  This court disagrees that it is
3  reviewing a purely legal question on appeal.  The Ninth Circuit BAP has held that the
4  determination of appointment of a trustee pursuant to § 1104 "require[s] a factual finding"
5  which "cannot be set aside unless clearly erroneous."  *In re Klein/Ray Broadcasting (Richter*
6  *v. Klein/Ray Broadcasting)*, 100 B.R. 509, 511 (9th Cir. BAP 1987) (noting that section 1104
7  requires inquiry into "cause" for appointment of trustee or whether appointment is "in the best
8  interests of creditors," which is a factual inquiry).

9  Moreover, the court notes that lenders' have exercised questionable diligence in
10 securing the transcripts.  The bankruptcy record, transmitted to this court on July 13, 2005,
11 demonstrates that lenders originally ordered the transcripts on an expedited basis on June 9,
12 2005, but then, after filing the motion for an expedited appeal with this court, inexplicably
13 cancelled the expedited request for transcripts on June 22, 2005.  None of this information
14 was included in lenders' current motion papers before this court.

15 FRBP 8007(a) requires the reporter to prepare the transcripts within 30 days of the
16 request, absent a request for an extension.  Accordingly, if the transcripts in this case were
17 timely prepared in accordance with lenders' June 9, 2005 request, they would have already
18 been completed.  Lenders have provided this court with no information regarding the status of
19 the transcripts.

20 In conclusion, lenders have not demonstrated cause entitling them to an expedited
21 appeal.  The bankruptcy record is complete and has already been transmitted to this court,
22 and a briefing order was issued by the clerk of this court on July 13, 2005.  There is nothing
23 more that expedition could accomplish other than to deprive this court and appellees of a
24 portion of the record – the prepared transcripts – that are necessary to this court on appeal.
25 Accordingly, lenders' motion to expedite the appeal is DENIED.

26 For these reasons, the briefing schedule issued yesterday by this court, by which
27 briefing shall be completed on or before September 12, 2005, remains in effect, and the
28

parties are ordered to comply with that briefing schedule.  Following receipt of the parties' briefs and the transcripts, this court will issue a ruling as expeditiously as possible.

**IT IS SO ORDERED.**

Dated: July 15, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge